958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Erik Russell MATTILA, Defendant-Appellant.
 No. 91-30168.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 9, 1992.
Decided March 20, 1992.
 
 Before JAMES R. BROWNING, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Erik Russell Mattila contends that his conviction rests on evidence obtained as a result of an unconstitutional search. We review de novo the denial of Mattila's motion to suppress that evidence.[1] United States v. Limatoc, 807 F.2d 792, 794 (9th Cir.1987).
 
 
 3
 To justify the search of the duplex, the government argues that: (1) the officers had probable cause to believe that a crime was being committed, and (2) exigent circumstances excused their lack of a warrant. Probable cause exists if the facts and circumstances known to the officers would cause a prudent person to believe that criminal activity was afoot. United States v. Greene, 783 F.2d 1364, 1367 (9th Cir.), cert. denied, 476 U.S. 1185 (1986). Mere speculation that illegal activity is occurring "in a home is not enough to establish the probable cause necessary to seize that residence." United States v. Howard, 828 F.2d 552, 555 (9th Cir.1987).
 
 
 4
 In this case, the officers obtained most of their information from Lisa Webb, a neighbor. Webb told the officers that two unfamiliar men were occupying the unit and had taken filled garbage bags to a parked truck instead of the duplex dumpster. Recalling the recent burglary of her own duplex, she feared that the men were burglarizing her neighbors' unit. Webb also told the officers about her conversation with one of the men, who had described himself as a house-sitter. When the officers later knocked and asked Mattila whether he lived there, Mattila replied that he did not. This additional fact would not cause a prudent person to believe that the men were committing a burglary. See id. The officers therefore lacked probable cause, and their search violated the Fourth Amendment.
 
 
 5
 In light of this conclusion, we need not consider whether these facts satisfied the exigent circumstances exception. We also will not address the sentencing and expert testimony arguments.
 
 
 6
 The district court's denial of Mattila's motion to suppress is REVERSED. The conviction is VACATED and the case REMANDED to the district court for further proceedings consistent with this disposition.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The government's motion to supplement the record is denied. In any event, the supplementary material would not affect our decision in this case